# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| LAURA BUTLER RAYLE, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PURPOSE FINANCIAL INC. D/B/A ADVANCE AMERICA, APEX RECOVERY SERVICES LLC<br><br>Defendants. | Case No.: 0:24-cv-06050-MGL<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1. Laura Butler Rayle ("Plaintiff") brings this class action against Apex Recovery Services LLC ("Apex") and Purpose financial Inc. d/b/a Advance America ("Advance America") (collectively referred to as "Defendants") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Apex routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers when it makes collection calls for Advance America.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28

1

U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6. Defendants directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district.

## Parties

7. Plaintiff is a natural person who resides in York County, South Carolina.

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant Purpose Financial Inc. is registered to do business in this District.

10. Defendant Apex Recovery Services LLC is a limited liability company located in Texas.

11. Defendants were, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## Factual Allegations

12. Plaintiff is, and has been since approximately 2021, the subscriber to and customary user of his cellular telephone number—(803) XXX-6713.

13. Defendant began placing calls to telephone number (803) XXX-6713 in September 2024, or earlier.

14. Defendant placed calls to telephone number (803) XXX-6713 intending to reach someone other than Plaintiff.

15. Defendant placed at least one pre-recorded call to telephone number (803) XXX-6713 in September of 2024.

2

16. Defendant used an artificial or prerecorded voice in connection with the calls it placed to telephone number (803) XXX-6713.

17. For example, on or about September 20, 2024, Defendant placed a call to telephone number (803) XXX-6713 and delivered a prerecorded voice message that stated:

> Hello, ARS reaching out to you today regarding a file we have…It is important to speak with you…Please call our office back at 833-406-4095.

18. 833-406-4095 is a number for Apex.

19. Given the generic nature of the messages, the content of the messages, the message Defendant delivered to telephone number (803) XXX-6713 were prerecorded in nature.

20. The pattern and tone of the speech made clear to Plaintiff that the messages Defendant played were prerecorded in nature.

21. Other persons have identified receiving materially similar calls messages from Defendant. *See* https://lookup.robokiller.com/p/833-406-4095 (Last visited October 21, 2024).

22. Plaintiff does not have, nor did she have, an account with Defendants.

23. Plaintiff does not, nor did, owe any money to Defendants.

24. Plaintiff did not provide telephone number (803) XXX-6713 to Defendant.

25. Plaintiff did not provide Defendants with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (803) XXX-6713.

26. Defendants placed the subject calls to telephone number (803) XXX-6713 voluntarily.

27. Defendants placed the subject calls to telephone number (803) XXX-6713 under its own free will.

28. Defendants had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (803) XXX-6713.

29. Plaintiff listened to the voice messages Defendants delivered to her cellular telephone.

30. Plaintiff suffered actual harm as a result Defendants' subject calls, in connection with which it used an artificial or prerecorded voice, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

31. Upon information and good faith belief, Defendants, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

32. Advance America hired Apex Recovery to collect debts owed to it.

33. In connection with such conduct, Advance America provided numbers for Apex Recovery to call.

34. Advance America could have prevented Apex Recovery from using pre-recorded messages, but it did not.

## Class Action Allegations

35. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

Apex Recovery Class

All persons throughout the United States (1) to whom Apex Recovery Services LLC placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in collections with Apex Recovery Services LLC, (3) in connection with which Apex Recovery Services LLC used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

Advance America Sub-Class

All persons throughout the United States (1) to whom Apex Recovery Services LLC placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in

collections with Advance America, (3) in connection with which Apex Recovery Services LLC used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

36. Excluded from the class are Defendants, Defendants' officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants has or had a controlling interest.

37. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

38. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

39. The members of the class are ascertainable because they are defined by reference to objective criteria.

40. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendants and by third parties.

41. Plaintiff's claims are typical of the claims of the members of the class.

42. As it did for all members of the class, Defendants placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

43. In addition, like all members of the class, Plaintiff did not have an account in collections with Defendants.

44. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendants.

45. Plaintiff's claims are based on the same theories as the claims of the members of the class.

46. Plaintiff suffered the same injuries as the members of the class.

47. Plaintiff will fairly and adequately protect the interests of the members of the class.

48. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

49. Plaintiff will vigorously pursue the claims of the members of the class.

50. Plaintiff has retained counsel experienced and competent in class action litigation.

51. Plaintiff's counsel will vigorously pursue this matter.

52. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

53. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

54. Issues of law and fact common to all members of the class include:

   a. Defendants' violations of the TCPA;

   b. Defendants' conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   c. Defendants' conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   d. Defendants' use of an artificial or prerecorded voice; and

   e. The availability of statutory penalties.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

57. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

58. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

59. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

60. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

61. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

62. There will be little difficulty in the management of this action as a class action.

63. Defendants have acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and

the cellular telephone numbers of the members of the class, without consent, or by the fact that such calling was done on its behalf.

66.     As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendants from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: October 23, 2024

PLAINTIFF,
By her attorneys,

By:   *s/ Dave Maxfield*
David A. Maxfield, Fed ID 6293
P.O. Box 11865
Columbia, SC 29211
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

Anthony I. Paronich*
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*to seek admission pro hac vice*

*Counsel for Plaintiff and the proposed class*